```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

| | | |
|---|---|---|
| LATOYA LOCKHART, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:20-CV-204 (CDL) |
| BOBBY MOON, | * | |
| Defendant. | * | |

O R D E R

Presently pending before the Court is Latoya Lockhart's motion to remand this action to the State Court of Muscogee County. As discussed below, the motion (ECF No. 4) is denied.

Lockhart filed this action against Bobby Moon in the State Court of Muscogee County on June 5, 2020. Lockhart alleges that she was injured in a wreck caused by Moon and that she incurred past medical expenses "in excess of $45,260.87." Compl. ¶ 11, ECF No. 1-1. Moon was served with the Complaint on July 8, 2020. On August 14, 2020, Moon received an offer of judgment pursuant to O.C.G.A. § 9-11-68 "for an amount in excess of $75,000." Notice of Removal ¶ 8, ECF No. 1. Less than two weeks later, Moon removed the action to this Court, asserting diversity as the basis for subject matter jurisdiction.

Lockhart argues that it was clear from the face of her initial complaint that the action was removable based on

diversity jurisdiction.  If a plaintiff's initial complaint is removable, then the defendant must remove the action within thirty days after being served with the complaint.  28 U.S.C. § 1446(b)(1).  Moon does not dispute that complete diversity exists among the parties because he is an Alabama citizen and Lockhart is a Georgia citizen, but he does argue that it was not readily ascertainable from the face of the complaint that Lockhart alleged the other requirement for diversity jurisdiction: an amount in controversy above $75,000.00.  If "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  There is no dispute that Moon filed his notice of removal within thirty days after receiving the offer of judgment.  So, the question for the Court is whether it was facially apparent from Lockhart's initial complaint that the amount in controversy exceeded the jurisdictional minimum.  If it was, the removal was untimely and the action must be remanded.  If it was not, the removal was timely and the motion to remand must be denied.

Lockhart's complaint does not specifically state that she seeks more than $75,000.00.  Lockhart argues that because she

alleged past medical expenses totaling $45,260.87 and sought damages for pain and suffering, it was facially apparent from the complaint that the amount in controversy exceeded $75,000.00 and was thus removable.  In support of this argument, Lockhart cites *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010), a wrongful death case where the damages were governed by the Alabama Wrongful Death Act and the district court correctly concluded based on its judicial experience and common sense that the claims likely exceeded $75,000.00.  But Lockhart's is not a wrongful death case.  It is a personal injury action where Lockhart alleges only past injuries and past medical expenses but does not allege a permanent injury, any future damages, or any other damages like lost wages or punitive damages.  Based on these allegations, the Court is not convinced that it was facially apparent from the initial complaint that the amount in controversy exceeded $75,000.00.  Accordingly, the removal was timely and Lockhart's motion to remand (ECF No. 4) is denied.

    IT IS SO ORDERED, this 17th day of December, 2020.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA